NO. 14-DCV-216128

| ERIC TONKEN, | § | IN THE DISTRICT COURT |
| --- | --- | --- |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| WILLIAM PACE, HOUSTON | § | |
| ARMORY, LP, and HOUSTON | § | |
| ARMORY TECHNOLOGY GROUP, LP | § | |
|     *Defendants.* | § | 400TH JUDICIAL DISTRICT |

# DEFENDANTS WLLIAM PACE, HOUSTON ARMORY, LP, and HOUSTON ARMORY TECHNOLOGY GROUP, LP 'S NOTICE OF REMOVAL

1. William Pace, Houston Armory, LP and Houston Armory Technology Group, LP, Defendants in this civil matter, files this Notice of Removal under the authority of U.S.C. §§ 1331 and 1338(a) and 1338(b).

## I. Identity of State Court Action Being Removed

2. The civil action being removed was initiated in the 400th Judicial District Court for Fort Bend County, Texas, and was assigned cause number 14-DCV-216128.

3. Defendants William Pace, Houston Armory, LP and Houston Armory Technology Group, LP were each served with the suit on July 17, 2014. Defendants file this notice of removal within the thirty (30) day time period required by 28 U.S.C. §1446(b).

## II. Basis for Removal – Federal Question

4. Removal is proper because Plaintiff's action arises under the patent law of the United States, Title 35, United States Code §§115, 116, 261, 262, and 271. Plaintiff alleges sole inventorship[1] and ownership of certain technology[2], included in one or more pending United

---

[1] *See* Exhibit 1, ¶¶ numbered 38, 40, and 44, pages 11 and 12.
[2] *See* Exhibit 1, ¶¶ numbered 42 and 44, pages 11 and 12.

States patent applications[3], filed by one or more of the Defendants in the name of inventor William Pope Pace. Plaintiff filed the cause of action currently pending in the 400th District Court of Fort Bend County, Texas to assert and protect Plaintiff's alleged inventorship[4] and ownership of said technology[5] and said patent applications[6]. Plaintiff is disputing the ownership and inventorship of said patents currently on file with the USPTO.

5. Plaintiff has further requested injunctive relief restraining Defendant from marketing, selling, manufacturing or any other way using Plaintiff's technology or any part thereof.[7] Additionally, Plaintiff has requested injunctive relief restraining Defendant from filing for any patent or other intellectual property registrations on or relating to Plaintiff's technology.[8]

6. The District Courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights. For the purpose of this subsection, the term, "State" includes any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, the United States Virgin Islands, American Samoa, Guam, and the Northern Mariana Islands. 28 USCA §1338(a).

7. The District Courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under copyright, patent, plant variety protection or trademark laws. 28 USCA §1338(b).

8. The inventorship issue falls within the exclusive jurisdiction of the Federal Court.

---

[3] *See* Exhibit 1, ¶ numbered 38, page 11.
[4] *See* Exhibit 1, ¶¶¶ numbered 38, 40, and 44, pages 11 and 12.
[5] *See* Exhibit 1, ¶¶ numbered 42 and 44, pages 11 and 12.
[6] *See* Exhibit 1, ¶ numbered 44, page 12.
[7] *See* Exhibit 1, ¶ numbered 54, page 13.
[8] *See* Exhibit 1, , ¶ numbered 55, page 13

*Roach v. Crouch*, 524 NW2d, 400, 33 USPQ.2d 1361, 1362 (Iowa 1994).

9. Pursuant to 35 USC §116, when an invention is made by two or more persons jointly, they shall apply for patent jointly and each make the required oath, except as otherwise provided in this title. Inventors may apply for a patent jointly even though:

    (1) they did not physically work together or at the same time,

    (2) each did not make the same type or amount of contribution, or

    (3) each did not make a contribution to the subject matter of every claim of the patent.

### III. Jurisdiction

10. The Federal Court has jurisdiction over the subject matter of the claims pursuant to 28 USC § 1338.

### IV. Venue

11. Venue is proper in the Federal Court pursuant to 28 USC §§1391 and 1400. The state court where the action has been pending is located in Fort Bend County, Texas, which is located in this district and division.

### V. State Court Process, Pleadings and Orders

12. With this notice of removal, Defendants have filed copies of: (a) all executed process; (b) the state court pleadings; (c) all orders signed by the state court judge; (d) the docket sheet; (e) an index of matters being filed; and (f) a list of all counsel of record as required by U.S.C. § 1446(a) and Local Rule 81, of the United States District Court, Southern District of Texas.

### VI. Jury Demand

13. Plaintiff and Defendants have both demanded jury trial in the state court suit.

## VII. <u>Filing</u>

14. Defendants will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

                                            Respectfully Submitted,

                                            By: _____/s/ Keval Patel_____
                                                   Keval Patel
                                                   19855 Southwest Freeway, Suite 330
                                                 Sugar Land, Texas 77479
                                                 Telephone Number: (281) 313-5300
                                                 Fax Number: (281) 313-5305
                                                 State Bar No. 24052895
                                                 ATTORNEY FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

This is to certify that on this 18th day of August, 2014, a true and correct copy of the foregoing document was served via facsimile, upon:

S. Scott West
The West Law Firm
1600 Highway 6, Suite 450
Sugar Land, Texas 77478
(281) 277-1500
(281) 277-1505
ATTORNEY FOR PLAINTIFF

Russell Wong
Keana T. Taylor
Wong, Cabello, Lutsch, Rutherford & Brucculeri, LLP
20333 SH 249, Suite 600
Houston, Texas 77070
(832) 446-2400
(832) 446-2400

                                                 _____/s/ Keval Patel_____
                                                 Keval Patel

NO. 14-DCV-216128

| | | |
|---|---|---|
| ERIC TONKEN,<br>　　*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | FORT BEND COUNTY, TEXAS |
| WILLIAM PACE, HOUSTON<br>ARMORY, LP, and HOUSTON<br>ARMORY TECHNOLOGY GROUP, LP<br>　　*Defendants.* | §<br>§<br>§<br>§ | 400TH JUDICIAL DISTRICT |

## WILLIAM PACE, HOUSTON ARMORY, LP, AND HOUSTON ARMORY TECHNOLOGY GROUP, LP'S NOTICE OF REMOVAL TO FEDERAL COURT

Defendants William Pace, Houston Armory, LP, and Houston Armory Technology Group, LP have filed a notice of removal to the United States District Court of Texas, Houston Division. A copy of the notice filed in federal court is attached hereto as Exhibit "A".

Respectfully Submitted,

By: ____/s/ Keval Patel_____
　　Keval Patel
　　19855 Southwest Freeway, Suite 330
　　Sugar Land, Texas 7747
　　Telephone Number: (281) 313-5300
　　Fax Number: (281) 313-5305
　　State Bar No. 24052895
　　ATTORNEY FOR DEFENDANTS

# CERTIFICATE OF SERVICE

This is to certify that on this 18th day of August, 2014, a true and correct copy of the foregoing document was served via facsimile, upon:

S. Scott West
The West Law Firm
1600 Highway 6, Suite 450
Sugar Land, Texas 77478
(281) 277-1500
(281) 277-1505
ATTORNEY FOR PLAINTIFF

Russell Wong
Keana T. Taylor
Wong, Cabello, Lutsch, Rutherford & Brucculeri, LLP
20333 SH 249, Suite 600
Houston, Texas 77070
(832) 446-2400
(832) 446-2400

                                                                ___/s/ Keval Patel_____
                                                                 Keval Patel